

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
04/03/2012

| | | |
|---|---|---|
| IN RE: | § | Case No. 11-39575 |
| IRAJ ROGER TAJGARDOUN, | § | Chapter 7 |
| Debtor(s). | § | Judge Isgur |

### MEMORANDUM OPINION

The Court grants Roger Tajgardoun's motions to avoid liens impairing exemptions (ECF Nos. 13, 14, & 15).

### Factual Background

Tajgardoun filed a chapter 7 bankruptcy petition on November 4, 2011. Tajgardoun filed motions to avoid three liens, alleging they impair exemptions in violation of 11 U.S.C. § 522(f). (ECF No. 13, 14, 15). Two of the liens relate to recorded abstracts of judgment of Citibank, while the third relates to an abstract of judgment of FIA Card Services.[1]

A hearing was held on February 21, 2012. Tajgardoun initially failed to list the homestead as exempt property on his Schedule C. (ECF No. 1). The Court accepted the proffered exhibits into evidence but declined to rule until Tajgardoun amended his Schedule C and renotified the affected creditors. The notice sent to the creditors by Tajgardoun indicated the Court would rule without another hearing, unless a creditor filed an objection and requested a hearing. (ECF Nos. 23, 24). No creditor did so.

---

[1] Citibank's first abstract of judgment relates to Cause No. 969541 in County Court at Law No. 1 of Harris County, Texas, and is in the amount of $21,222.55 plus interest and costs. (Pl. Ex. 2). Citibank's second abstract of judgment relates to Cause No. 960399 in County Court at Law No. 1 of Harris County, Texas, and is in the amount of $44,498.91 plus interest and costs. (Pl. Ex. 3). FIA Card Services' abstract of judgment relates to Cause No. 970359 in County Court at Law No. 1 of Harris County, Texas, and is in the amount of $84,328.44 plus costs of $278.00. (Pl. Ex. 1).

## Analysis

These liens satisfy all requirements of § 522(f) and may be avoided in their entirety. Section 522(f)(1) states in pertinent part:

> [T]he debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under [§ 522(b)] if such lien is . . . a judicial lien.

11 U.S.C. § 522(f)(1). A debtor must show: (1) that the lien is a judicial lien; (2) that the lien is fixed against an interest of the debtor in property; and (3) that the lien impairs an exemption to which the debtor would otherwise be entitled. *Henderson v. Belknap (In re Henderson)*, 18 F.3d 1305 (5th Cir. 1994) (citing *Hart v. Hart (In re Hart)*, 50 B.R. 956, 960 (Bankr. D. Nev. 1985)).

**Judicial Lien**

The Bankruptcy Code defines a "judicial lien" as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36).

In Texas, a judgment lien is created by recording an abstract of judgment. TEX. PROP. CODE § 51.001. The creditors obtained judgments against Tajgardoun in state court. They then recorded abstracts of judgment, thereby creating judgment liens. (Pl. Ex. 1, 2, & 3). These judgment liens qualify as "judicial liens" because they were obtained through the legal process.

**The "Fixing" of a Lien**

The Texas Property Code states that judgment liens will not attach to any real property exempt from seizure or forced sale, such as a homestead. TEX. PROP. CODE § 51.001. Despite this fact, the Fifth Circuit held that even though unenforceable, such judicial liens "fix" themselves to a homestead for purposes of § 522(f). *See In re Henderson*, 18 F.3d at 1309 ("While we recognize that the issue may be open to debate, we conclude that under Texas law

[the creditor's] judicial lien did 'fix,' i.e., fasten a liability against the [debtors'] homestead—albeit an unenforceable one.").

**Impairs an Exemption**

There are two issues regarding impairment: (1) whether these liens "impair" Tajgardoun's exemption despite his lack of equity in the property, and (2) whether these liens "impair" Tajgardoun's exemption despite the fact the liens are unenforceable against his homestead.

**Lack of Equity**

The Bankruptcy Code considers a lien to impair an exemption to the extent that the sum of:

> (i)  the lien;
>
> (ii) all other liens on the property; and
>
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A).

For simplicity, "(iv)" shall be shorthand for "the value that the debtor's interest in the property would have in the absence of any liens." The language can be rewritten as a simple mathematical formula: the lien will be avoided in the amount that (i) + (ii) + (iii) > (iv).

Following this formula, it is clear each judicial lien impairs Tajgardoun's exemption despite the lack of equity in the property.

The real property has a scheduled value of $215,000.00.  (ECF No. 1 at 28). Accordingly, Tajgardoun's hypothetical interest in the property for the purpose of (iv) is $215,000.00.

If no liens existed on the property, Tajgardoun would be entitled to exempt the entire amount of his interest ($215,000.00) under § 522(b)(3) and Tex. Prop. Code §§ 41.001, 41.002. Therefore, (iii) equals $215,000.00.

Since (iii) (the unlimited Texas homestead exemption) equals (iv) (the value of the homestead), the entire value of any judgment lien against the homestead [i.e., (i)] will be avoidable without regard to the amount of other liens on the property.[2] These liens may thus be avoided in their entirety, assuming all other requirements are met.

**Revisiting "Impaired"**

The Fifth Circuit held that a judicial lien "impairs" exemptions even if the lien is legally unenforceable. *In re Henderson*, 18 F.3d at 1310 ("[T]he term 'impair' encompasses more than the idea of 'legal' impairment."). *In re Henderson*, however, analyzed § 522(f) prior to the Bankruptcy Reform Act of 1994. The 1994 Reform Act added the formula (now § 522(f)(2)(A)) in order to define "impairs an exemption."

The 1994 Reform Act's changes do not abrogate *In re Henderson*. The new language defines the *extent* to which a lien impairs an exemption. It measures impairment by comparing the face value of the lien at issue with consensual liens on the property, the debtor's interest in the property, the debtor's possible exemptions, etc.

The language does not define the word "impair" in the sense of identifying those attributes of a lien which create the impairment. This is the issue the Fifth Circuit faced in *In re Henderson* when deciding whether a judicial lien unenforceable against a debtor's homestead nevertheless "impaired" the debtor's exemption rights as to the homestead. Therefore, the 1994 Reform Act's changes did not abrogate *In re Henderson*.

---

[2] Bank of America has a first lien mortgage secured by the property with a balance of $244,166.00. (ECF No. 1 at 36). Therefore (ii) is equal to $246,166.00..

Tajgardoun has satisfied the three requirements of § 522(f) listed above and the liens should be avoided in their entirety.

## CONCLUSION

The Court will enter a separate order in accordance with this opinion.

SIGNED **April 2, 2012.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE
